

YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
RAMI M. SALIM▲▪

▲ NJBar Admissions
^ CT & NJ Bar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/6/2025
```

**MEMORANDUM ENDORSED**

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

August 5, 2025

**Via CM/ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York

    Re:   **Jones v. Daniela's Flower Shop II, Inc.**
           **Case #: 1:25-cv-03681-GHW**

Dear Judge Woods:

    We represent the plaintiff in the above matter. We write to respectfully request that the initial conference currently scheduled for August 12, 2025 be adjourned because Defendant Daniela's Flower Shop II, Inc. has not made an appearance or reached out to Plaintiff.

    Defendant has been successfully served and Plaintiff currently has a Certificate of Default against Defendant.

    We thank Your Honor and the Court for its kind considerations and courtesies.

Respectfully submitted,

*s/ Rami M. Salim*
Rami M. Salim, Esq.

cc:   All Counsel of Record via ECF

---

Because Defendant has not yet appeared in this matter, the initial pre-trial conference scheduled for August 12, 2025 is adjourned to September 24, 2025 at 2:00 p.m. The joint status letter and proposed case management plan described in the Court's May 6, 2025 order are due no later than September 17, 2025. In the event Plaintiff intends to prosecute its case by way of order to show cause why default judgment should not be entered, the Court expects it to do so, in full compliance with the procedure articulated in the Court's Individual Rules of Practice in Civil Cases, no later than August 19, 2025. Plaintiff is specifically directed to comply with Rule 3(G) of the Court's Individual Rules.

The Court reminds Plaintiff that in order for the Court to enter default judgment, the Court must determine whether Plaintiff's allegations establish liability as a matter of law, accepting factual allegations as true, except those relating to damages, and drawing all reasonable inferences in Plaintiff's favor. *See Finkel v.Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The Court expects that Plaintiff's memorandum of law will address why Plaintiff is entitled to judgment in light of the Court's decision in *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395 (S.D.N.Y. 2024).

Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 11.

SO ORDERED.

Dated: August 6, 2025
New York, New York

                  GREGORY H. WOODS
                  United States District Judge